*65
By the Court,

Savage, Ch.. J.
This case raises a question which has been discussed in the books, to wit: How shall payments be appropriated, where no express appropriation has been made, either by debtor or creditor, at the time of payment ? It is well settled, that in case of the existence of separate demands, the debtor may appropriate the payment to which demand he pleases. If he makes no appropriation, then the creditor may make it; but if it is paid and received on account generally, then the rules of the civil and common law seem to be different: the former holding that the payment shall be applied according to the presumed intention of the debtor, while the latter gives the creditor the right to make an ex post facto appropriation as he pleases. To these general rules there are exceptions. The cases are all ^’collected by
Judge Cowen,in Pattison v. Hull, 9 Cowen, 760, n. See also 8 Wendell, 416. The principal difficulty in the cases has arisen out of the fact of the existence of several demands. That difficulty is not presented in this case. The plaintiff here had but one continuous account against Aaron G. Dickinson. The defendant, at the commencement of the account, became responsible to the amount of $150, deducting what was then paid. The plaintiff, then, gave a credit beyond the amount assumed by the defendant, and subsequently sold to A. G. D. other goods, charging them in account and giving credit for the moneys paid. In such cases, the first item on the debit side of the account is discharged or reduced by the first item on the credit side. To adopt any other rule, would be taking the account backward, and striking the balance at the head, instead of at the foot of it. See 1 Munf. 608, 8 Wendell, 418, and 9 Wheaton, 737, where Mr. Justice Story says : in case of running accounts, where debits and credits are constantly accruing, payments should be applied to extinguish the debt, according to priority of time ; and payments extinguish so much of the debt antecedently due. By the civil law, payments should be applied to debts so as to relieve a surety; but in this case, it is unnecessary to invoke the aid of that principle; that just above referred to is sufficient for this case, and is strictly applicable. The payments must be applied to the head of the account, to the amount of $125 ; and a greater sum than that having been paid, the plaintiff has no claim against the defendant on his guaranty. The defendant is entitled to judgment.